United States District Court
District of Massachusetts

|  |  |
|---|---|
| YONG LI,<br>      Plaintiff,<br><br>      v.<br><br>DR. JULIA M. READE,<br>      Defendant. | )<br>)<br>)<br>)  Civil Action No.<br>)  08-11405-NMG<br>)<br>)<br>)<br>) |

**MEMORANDUM & ORDER**

GORTON, J.

    Before the Court are 1) an application of plaintiff Yong Li ("Li") to proceed in forma pauperis, 2) defendant's motion to continue the trial date and for an extension of time to file a dispositive motion, 3) Li's motion to amend her complaint to add a claim for malpractice and 4) Li's motion for clarification of her defamation claim. Each is considered in turn.

    Li's application to proceed in forma pauperis will be denied because she has failed to demonstrate that she is indigent. In her financial statement, she lists real estate valued at $370,000 with an outstanding mortgage balance of about $140,000. The equity in that residence alone, therefore, would, if refinanced, provide plaintiff with ample funds to retain counsel. Despite its denial of her motion, however, the Court again urges Ms. Li to take all possible steps to obtain representation in this matter.

Defendant's motion to continue the trial date and for an extension of time to file a motion for summary judgment will be allowed provided that the continuance will be for a limited period of time. If, as plaintiff states in her opposition, there are genuine issues of material fact which show that she is entitled to a jury trial, she may, of course, demonstrate that in her opposition to defendant's proposed motion.

Li's motion to amend her complaint to add a medical malpractice charge will be denied because 1) she has failed to provide any factual basis for such a claim, 2) she has failed to offer any justification for such an amendment pursuant to Fed. R. Civ. P. 15(a)(2) and 3) the addition of such a claim at this late stage of the litigation (which has been pending for nearly two years) would cause a lengthy delay of the trial which is unwarranted.

Finally, Li's motion for leave to clarify her defamation claim will be denied because the factual allegations she seeks to add and which allegedly came to light during discovery are unnecessary to that claim. In any event, they may be included in her opposition to defendant's proposed motion for summary judgment in an attempt to demonstrate that her claim is viable and that there are genuine disputes of material fact which preclude summary judgment.

**ORDER**

In accordance with the foregoing,

1) plaintiff's application to proceed in forma pauperis (Docket No. 47) is **DENIED**;

2) defendant's motion to continue trial and for an extension of time to file a motion for summary judgment (Docket No. 49) is **ALLOWED** and the parties are directed to proceed as follows:

   a) defendant's proposed motion for summary judgment will be filed on or before August 10, 2010 and plaintiff's opposition will be filed on or before August 31, 2010;

   b) if necessary, trial will commence on Tuesday, October 12, 2010 at 9:00 A.M. in the Moakley Courthouse, Courtroom #4;

3) plaintiff's motion to amend the complaint by adding malpractice charge (Docket No. 52) is **DENIED**; and

4) plaintiff's motion for clarification of the defamation charge (Docket No. 53) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 7, 2010